UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Doris Balles

    v.                                     Civil No. 08-cv-502-JD

Richard Culton Sturgill
and Lisa B. Sturgill


O R D E R

    Doris Balles appeals the dismissal of her adversary action in the Chapter 13 bankruptcy proceeding of Richard C. Sturgill and Lisa B. Sturgill.  The Sturgills are Balles's daughter and son-in-law.  Balles's adversary action arises from a family dispute about whether the Sturgills made false promises to Balles in exchange for part of the purchase price of Balles's house.  The Sturgills move to dismiss the appeal on the ground that Balles failed to file her appellate brief within the time allowed.

    Balles filed her appeal on December 4, 2008.  Notice of docketing the appeal was entered on December 5, 2008.  Bankruptcy Rule 8009(a)(1) requires the appellant to file and serve her brief within fifteen days after the appeal is entered on the docket.  Balles filed and served her brief on January 27, 2009, and then refiled her brief on January 29, 2009, due to a filing error.  The Sturgills filed their motion to dismiss on February

11, 2009.  Balles has not filed a response to the motion to dismiss, and the deadline has passed for doing so.

Balles, who is represented by counsel, did not file her brief within the time allowed by Rule 8009(a)(1).  Local Rule 77.4(c)(3) provides:  "If the appellant's brief is not received within the time specified by B.R. 8009, the court will dismiss the appeal for lack of prosecution."  Local Rule 77.4(c)(2) requires that the notice of docketing include a briefing deadline.  In this case, however, the notice of docketing did not include a briefing deadline but instead stated:  "Filing requirements for bankruptcy appeals are outlined in Local Rule 77.4(c).  Bankruptcy Appeal ready for review on 1/27/2009."

Although Local Rule 77.4(c)(3) refers to Bankruptcy Rule 8009, which provides the time allowed for filing an appeal, the notice could have been understood to set January 27, 2009, as the briefing deadline.  Therefore, Balles's late-filed brief will be allowed.  Nevertheless, Balles's counsel is put on notice that failure to comply with applicable rules and deadlines will result in sanctions, which may include dismissal.  In addition, parties are well-advised to respond to motions filed by the opposing party.

### Conclusion

For the foregoing reasons, the appellee's motion to dismiss (document no. 8) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 12, 2009

cc: Michael S. Askenaizer, Esquire
    Darlene M. Daniele, Esquire
    Geraldine L. Karonis, Esquire
    Lawrence P. Sumski, Esquire