UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Doris Balles


        v.                          Civil No. 08-cv-502-JD
                                    Opinion No. 2009 DNH 039

Richard Culton Sturgill and
Lisa B. Sturgill


                        O R D E R


        The appellant, Doris Balles, appeals a decision of the
bankruptcy court dismissing her complaint that challenged the
discharge of a debt which she alleged is owed to her by the
debtors, Richard and Lisa Sturgill ("the Sturgills").  Balles
claims that the Sturgills owe her approximately $85,000 for real
property which she conveyed to them and that this unsecured debt
is excepted from discharge in bankruptcy pursuant to 11 U.S.C. §
523(a).  The bankruptcy court held that Balles's complaint failed
to state a claim for nondischargeability under § 523(a).


I.    Standard of Review

        This court has jurisdiction to hear appeals from final
judgments, orders, and decrees of the bankruptcy court under 28
U.S.C. § 158(a) (2006).  See also L.R. 77.4(c) (2009).  The court
will affirm the allowance of a motion to dismiss only if the

factual averments in the complaint hold out no hope of recovery under any theory set forth in the complaint.  In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

II.  Background

Balles is Lisa Sturgill's mother and Richard Sturgill's mother-in-law.  In 1977, Balles, her husband, Charles Balles ("Charles"), and her son, John Balles ("John"), purchased a home in Manchester, New Hampshire ("Manchester property"), which Balles and Charles resided in.  In April of 2001, Charles conveyed his interest in the Manchester property to John, leaving Balles and John as co-owners of the property.  In October of 2004, Balles, John, and the Sturgills executed a purchase and sales agreement to sell the Manchester property to the Sturgills. On November 4, 2004, Balles and John conveyed their entire interest in the Manchester property to the Sturgills by a warranty deed, and the Sturgills moved into the home.

Balles alleges that the parties also entered into an oral agreement, whereby the parties agreed that the property was valued at $210,000 and the Sturgills would pay John $110,000 and pay Balles between $25,000 and $35,000 for their interests in the Manchester property.  In addition, Balles claims, in lieu of paying the remainder of the value of the property to Balles, the

2

Sturgills agreed that they would care for Balles and Charles, including paying their bills and providing transportation, and live with them at the Manchester property for as long as Balles and Charles chose to live there.

Sometime after the conveyance, the Sturgills paid Balles $25,000 in two installments.  In November of 2005, Charles moved into a nursing home.  The Sturgills lived with Balles and cared for her until sometime in 2006.  In September of 2006, the Sturgills served Balles with a "Notice to Quit," see New Hampshire Revised Statutes Annotated ("RSA") 540-B, requiring her to vacate the premises by October 30, 2006.  Balles brought suit against the Sturgills in state superior court, seeking damages based upon a breach of contract and a temporary restraining order and preliminary injunction, prohibiting the Sturgills from evicting her.  The superior court issued a temporary restraining order, extending it indefinitely until Balles found suitable housing, and scheduled a final hearing on Balles's damages claim. Balles moved out of the Manchester property sometime in late 2006.

The Sturgills filed a voluntary chapter 13 petition with the bankruptcy court on August 27, 2007.[1]  On December 3, 2007,

---

[1]The Sturgills' filing of a bankruptcy petition automatically stayed Balles's breach of contract suit in state

3

Balles initiated an adversary proceeding by filing a complaint
seeking to except her claim for $83,000 from discharge, pursuant
to 11 U.S.C. §§ 523(a).[2]  Balles argued that her claim
represented the remaining value of the house which she was not
paid, and that her claim was excepted from discharge because: (1)
the debt was incurred by false pretenses, a false representation,
or actual fraud (Count I), (2) the fraud was perpetrated while
the Sturgills were acting in a fiduciary capacity to her (Count
II), and (3) the Sturgills willfully and maliciously injured her
(Count III).[3]  See 11 U.S.C. § 523(a)(2)(A), § 523(a)(4), and §
523(a)(6).

The Sturgills filed a motion to dismiss her complaint.
Balles filed an objection, and attached a personal affidavit and
several exhibits.  On October 8, 2008, the bankruptcy court
granted the Sturgills' motion to dismiss for failure to state a
claim of nondischargeability.

In its decision, the bankruptcy court noted that it
considered Balles's affidavit and exhibits as part of her

superior court.

[2]Balles later filed a proof of her claim asserting $85,000
in damages.  The Sturgills did not object.

[3]Balles's claim that the Sturgills willfully and maliciously
injured her, see § 523(a)(6), was dismissed without prejudice by
the bankruptcy court and by agreement of the parties.

4

complaint.  The bankruptcy court dismissed Count I of Balles's complaint based upon a failure to allege that the Sturgills had the requisite intent required to support a fraud claim, <u>see</u> § 523(a)(2)(A), and dismissed Count II based upon a failure to allege that an express or technical trust existed among the parties, which the bankruptcy court concluded was required to establish a fiduciary relationship under § 523(a)(4).  Balles appealed to the Bankruptcy Appellate Panel (BAP), which transferred the appeal to this court in November of 2008, at the Sturgills' request.  <u>See</u> Bankruptcy Appellate Panel of the First Circuit Rule 8001-1(d)(2)(ii).

III. <u>Analysis</u>

    Balles argues that the bankruptcy court erred in dismissing Count I based upon a failure to sufficiently allege that the Sturgills acted with the requisite intent and in dismissing Count II based upon a failure to sufficiently allege that the parties created an express or technical trust.

    A.   <u>Fraud, § 523(a)(2)(A)</u>

    Balles argues that the bankruptcy court erred in dismissing Count I for failure to allege that the Sturgills intended to

deceive her because she pointed to evidence of the Sturgills'
fraudulent intent in her objection to their motion to dismiss.

"The provisions [within the bankruptcy code] for discharge
of a bankrupt's debts . . . are subject to exception under 11
U.S.C. § 523(a), which carries 16 subsections setting out
categories of nondischargeable debts."  Field v. Mans, 516 U.S.
59, 64 (1995).  Section 523(a)(2)(A) excepts from discharge,
debts "for money [or] property . . . to the extent obtained by .
. . false pretenses, a false representation, or actual fraud,
other than a statement respecting the debtor's . . . financial
condition . . . ."  In In re Spigel, 260 F.3d 27 (1st Cir. 2001),
the court held that in order to establish that a debt is
nondischargeable under § 523(a)(2)(A),

> a creditor must show that 1) the debtor made
> a knowingly false representation or one made
> in reckless disregard of the truth, 2) the
> debtor intended to deceive, 3) the debtor
> intended to induce the creditor to rely upon
> the false statement, 4) the creditor actually
> relied upon the misrepresentation, 5) the
> creditor's reliance was justifiable, and 6)
> the reliance upon the false statement caused
> damage.

In re Spigel, 260 F.3d at 32 ("[T]he statutory language [in
Section 523(a)(2)(A)] does not remotely suggest that
nondischargeability attaches to any claim other than one which
arises as a direct result of the debtor's misrepresentations or

malice." (internal quotation marks omitted)); <u>see</u> <u>also</u> <u>In re</u>
<u>Lane</u>, 937 F.2d 694, 698 (1st Cir. 1991) ("At most, an actionable
§ 523(a)(2)(A) claim must state that the debt was incurred as a
proximate result of the claimant's reasonable reliance on a
material misrepresentation of fact knowingly made by the debtor
with intent to deceive."). Further, pursuant to Federal Rule of
Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party
must state with particularity the circumstances constituting
fraud or mistake. Malice, intent, knowledge, and other
conditions of a person's mind may be alleged generally." <u>See</u>
Fed. R. Bankr. P. 7009 (applying Rule 9(b) to adversary
proceedings).

    For her fraud claim to survive a motion to dismiss, it was
necessary for Balles to allege facts sufficient to show that the
Sturgills obtained the Manchester property by false pretenses, a
false representation, or actual fraud. The bankruptcy court
focused upon Balles's failure to sufficiently allege the
Sturgills' intent, given her averment that they performed the
alleged agreement to care for her and pay the bills for nearly
two years. On appeal, Balles does not directly dispute the
bankruptcy court's finding that her complaint failed to
adequately allege intent. Rather, she argues that she submitted
evidence outside of the complaint to support an inference of

intent and that the bankruptcy court was required to consider this evidence and treat the motion as a motion for summary judgment.

In determining whether to grant a motion to dismiss, courts generally may not consider documents outside of the complaint. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  When the court accepts material submitted by the parties which is beyond the pleadings, the motion is converted into a motion for summary judgment, and the parties must be given an opportunity to present additional pertinent material.  Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008).  However, not all additional material accepted by the court will convert a motion to dismiss into a motion for summary judgment.  Where "'a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" Perry v. New England Business Serv., Inc., 347 F.3d 343, 345 n.2 (1st Cir. 2003) (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)).

The bankruptcy court treated the motion as a motion to dismiss but considered Balles's affidavit and exhibits.  Balles

8

complains that the bankruptcy court erred by failing to treat the motion as a motion for summary judgment.  Any error, however, was harmless.  Balles was not prejudiced because the bankruptcy court considered her affidavit and exhibits in its decision.

The court agrees that Balles's complaint, including her affidavit and exhibits, is insufficient to support her fraud claim because it fails to allege, or create an inference of, the requisite intent.  Balles's complaint merely alleges that the parties had an oral agreement, and that the Sturgills performed that agreement for two years until sometime in 2006 when they ceased performance.  See In re Balzano, 127 B.R. 524, 531 (Bankr. E.D.N.Y. 1991) ("An unfulfilled promise to perform in the future is actionable only in contract.  It is insufficient under § 523(a)(2)(A) simply to show that debtor left unfulfilled a prior oral representation or promise.").

Balles argues that the following submitted documents show the Sturgills' intent to deceive her at the time of the conveyance: the HUD-1 Settlement Statement for the Manchester property, which labeled the property transfer as a gift of equity, the Purchase and Sale Agreement, which makes no mention of a gift, and the Sturgills' answer in an interrogatory, where they stated that the property was conveyed to them in exchange for their care of Charles.  She further points to her affidavit,

which was also submitted with her objection, where she stated:
"I believe that [the Sturgills] deceived both me and my husband
concerning their intentions to allow us to live on the property,
and to provide care for us."  Affidavit of Doris Balles, document
no. 2, attachment #3.

Balles's affidavit merely states her belief that the
Sturgills intended to defraud her.  Her conclusory statement is
insufficient to allege fraud.  See Murphy v. United States, 45
F.3d 520, 522 (1st Cir. 1995) ("Subjective characterizations or
conclusory descriptions of a general scenario which could be
dominated by unpleaded facts will not defeat a motion to
dismiss." (internal quotation marks and brackets omitted)).  The
HUD statement, Purchase and Sale Agreement, and interrogatory
answers likewise fail to demonstrate, or create an inference of,
an intent to deceive.[4]  Her complaint is insufficient to sustain
a claim of fraud and the alleged debt is not excepted from
discharge pursuant to § 523(a)(2)(A).  The bankruptcy court's
dismissal of Count I is therefore affirmed.

---

[4]Balles argues only that a "discrepancy" within these
materials demonstrates an intent to deceive but fails to explain
why this is so.

10

B.   <u>Fiduciary Relationship, § 523(a)(4)</u>

Balles argues that the bankruptcy court erred in dismissing Count II for failure to allege a fiduciary relationship because the court improperly applied a narrow interpretation of fiduciary.  Section 523(a)(4) excepts from discharge debts "for fraud . . . while acting in a fiduciary capacity."  To show nondischargeability under § 523(a)(4), therefore, a creditor must establish both a fiduciary relationship and fraud.  <u>See</u> <u>In re</u> <u>Baylis</u>, 313 F.3d 9, 17–19 (1st Cir. 2002) (discussing dual requirement under § 523(a)(4)).  Because Balles's complaint failed to allege facts sufficient to sustain a claim of fraud, the existence of a fiduciary relationship is not material and the alleged debt is not excepted from discharge pursuant to § 523(a)(4).  The bankruptcy court's dismissal of Count II is therefore affirmed.

<u>Conclusion</u>

For the foregoing reasons, the bankruptcy court did not err in dismissing Balles's complaint for failure to state a claim of

dischargability pursuant to § 523(a).  Accordingly, the order of
the bankruptcy court granting the Sturgills' motion to dismiss is
affirmed.


        SO ORDERED.


                                _____
                                Joseph A. DiClerico, Jr.
                                United States District Judge

March 31, 2009

cc:  Michael S. Askenaizer, Esquire
     Darlene M. Daniels, Esquire
     Geraldine L. Karonis, Esquire
     Lawrence P. Sumski, Esquire

                                12